

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*
*Appeals Division*

*970 Broad Street, Suite 700*
*Newark, NJ 07102*

March 21, 2007

William J. Hughes, Jr., Esq.
Cooper, Levenson, April, Niedelman & Wagenheim, PA
1125 Atlantic Avenue
Atlantic City, New Jersey 08401

CR08-270(MLC)

Re: <u>Plea Agreement with Mercerville Medical Associates</u>

Dear Mr. Hughes:

This letter sets forth the full and complete agreement between your client, Mercerville Medical Associates ("MMA"), and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from MMA to a one-count Information which charges obstruction of a criminal investigation of health care offenses, in violation of 18 U.S.C. § 1518. If MMA enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against MMA relating to the receipt of cash payments by MMA and doctors affiliated with it during the period January, 2001 through December, 2003. This agreement is not meant in any way to immunize the individual doctors who were affiliated with MMA for any illegal conduct they may have committed. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by MMA may be commenced against it notwithstanding the expiration of the limitations period after the legally authorized representative of MMA signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1518 to which MMA agrees to plead guilty carries a statutory maximum sentence of five years probation, and a statutory maximum fine equal to the greatest of (1) $500,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon MMA is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence MMA ultimately will receive.

Further, in addition to imposing any other penalty on MMA, the sentencing judge: (1) will order MMA to pay an assessment of $400 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order MMA to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; and (3) may order MMA, pursuant to 18 U.S.C. § 3555, to give notice to any victims of its offense.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on MMA by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of MMA's activities and relevant conduct with respect to this case.

Stipulations

This Office and MMA agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject

any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or MMA from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A, this Office and MMA waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

<u>Other Provisions</u>

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against MMA. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against MMA.

       This agreement constitutes the full and complete agreement between MMA and this Office and supersedes any previous agreement between them. No additional promises, agreements, or conditions have been entered into other than those set forth in this letter, and none will be entered into unless in writing and signed by the parties.

                                              Very truly yours,

                                              CHRISTOPHER J. CHRISTIE
                                              United States Attorney

                                              By: Charles B. McKenna
                                              Assistant U.S. Attorney

APPROVED:

Michael Buchanan.
Chief, Securities/Health Care Fraud

I have read this agreement and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the full agreement between the parties. There have been no additional promises or representations made to me by any officials or employees of the United States Government or by my attorney in connection with this matter.

AGREED AND ACCEPTED:

Mercerville Medical Associates

_____          Date: April 25, 2007
William J. Hughes, Jr., Esq.
Counsel for Defendant
Mercerville Medical Associates

### Certification of Counsel

I hereby certify that: I am a member in good standing of the bar of the United States District Court for the District of New Jersey; I represent Mercerville Medical Associates, a partnership, in the matter of <u>United States v. Mercerville Medical Associates</u>, and I have been authorized by a valid resolution of the Mercerville Medical Associates partnership to sign this agreement to plead guilty on behalf of the partnership and to waive indictment and enter a plea of guilty on behalf of the partnership.

I make this certification under penalty of perjury.

_____          Date: April 25, 2007
William J. Hughes, Jr., Esq.

<u>Plea Agreement With Mercerville Medical Associates ("MMA")</u>

Schedule A

1. This Office and MMA recognize that the United States Sentencing Guidelines are not binding on the Court. This Office and MMA nevertheless agree to the stipulations set forth herein.

2. The appropriate Sentencing Guideline offense is 2J1.2 having a Base Offense Level of 14.

3. As of the date of this letter, MMA has clearly demonstrated a recognition and affirmative acceptance of responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if MMA's acceptance of responsibility continues through the date of sentencing. <u>See</u> U.S.S.G. § 3E1.1(a).

4. In accordance with the above, the parties agree that the total Guideline Offense level applicable to MMA is 12. The parties further agree that a sentence within the Guideline range of 12 is reasonable.

5. The parties agree that there is no basis for any upward or downward departures or variance of any upward or downward adjustment or variance not set forth herein. Accordingly, neither party will seek nor argue for any departure or adjustment or variance not set forth herein.

6. MMA knows that it has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 12. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 12. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

7. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.